# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICHARD P. GLUNK, MD,** | : | **CIVIL NO. 1:16-CV-1147** |
| | : | |
| Plaintiff, | : | (Judge Kane) |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **R. BARRETT NOONE, MD, et al.,** | : | |
| | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATION

### I. Statement of Facts and of the Case

Albert Einstein once said that doing the same thing over and over again and expecting different results is the highest form of human folly. This lawsuit calls to mind the wisdom of Einstein's observation, and asks us to consider the legal implications of the plaintiff's penchant for filing serial complaints in different forums which make vastly overlapping claims.

The background of this dispute is as follows: The plaintiff, who is proceeding *pro se,* is a doctor who was administratively prosecuted by the State Board of Medicine in connection with the death of one of his patients. In February 2009 the Board held that the Commonwealth failed to prove plaintiff was guilty of unprofessional misconduct concerning the patient's death. In September 2009 the

Commonwealth filed another Order to Show Cause against plaintiff charging that he was subject to disciplinary action based on claims that he tried to improperly influence a member of the board in connection with the prior Board adjudication. After a full hearing, plaintiff was found guilty of misconduct and had his license suspended for 60 days. Plaintiff appealed that decision to the Pennsylvania State Supreme Court which upheld the decision to suspend his license.

This civil lawsuit is one of several lawsuits which then ensued. The instant lawsuit was filed by Glunk on October 9, 2015, in the United States District Court of the Eastern District of Pennsylvania. (Doc. 1.) On May 16, 2016, that court entered an order transferring this action to this District, noting that this: "action is **TRANSFERRED** to the United States District Court for the Middle District of Pennsylvania where there is a pending related action, Civil Action No. 14-659." (Doc. 44.)

Thus, the order transferring this case to this district recognized an immutable truth. This case is, in fact, the second lawsuit filed by Glunk which covers the same factual and legal terrain. Glunk's first lawsuit, <u>Glunk v. State Board of Medicine, et al.</u>, 1:14-CV-659, was filed with this Court on April 7, 2014, more than a year prior to the initiation of the instant lawsuit. Glunk has amended his first-filed complaint in <u>Glunk v. State Board of Medicine, et al.</u>, 1:14-CV-659, several times. The most

2

recent amendment of this pleading, filed on October 30, 2015, is a globally comprehensive 121-page amended complaint. A comparison of the complaints in these two lawsuits discloses that this 121-page pleading, the operative complaint in Glunk's first filed case, vastly overlaps the instant case in terms of its legal claims, parties and factual averments.

In this case, there are two motions to dismiss that were filed by the defendants prior to the transfer of this action. (Docs. 24 and 25.) These motions to dismiss argue, in part, that this second-filed complaint should be dismissed in favor of litigation of all of Glunk's claims in the first filed lawsuit, <u>Glunk v. State Board of Medicine, et al.</u>, 1:14-CV-659. For the reasons set forth below, we recommend that this complaint be dismissed pursuant to the "first-filed" rule, in favor of the litigation of all of Glunk's legal claims in a single forum, his first filed federal lawsuit, <u>Glunk v. State Board of Medicine, et al.</u>, 1:14-CV-659.

**II.    Discussion**

**A.    Motion to Dismiss– Standard of Review**

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit

has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years. Beginning with the Supreme Court's opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) continuing with our opinion in Phillips [v. County of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in Ashcroft v. Iqbal –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a plaintiff to plead more than the possibility of relief to survive a motion to dismiss.

Fowler v. UPMC Shadyside, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994). However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). Additionally a court need not "assume that a ... plaintiff can prove facts that the ... plaintiff has not alleged." Associated Gen. Contractors of Cal. v. California State Council of Carpenters, 459 U.S. 519, 526 (1983). As the Supreme Court held in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), in order to state a valid cause of action a

4

plaintiff must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss. In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following Twombly and Iqbal a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level

of mere speculation. As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter Iqbal, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts.

Fowler, 578 F.3d at 210-11.

As the court of appeals has observed: "The Supreme Court in Twombly set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in Iqbal. The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' Twombly, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 556, 127 S.Ct. 1955). This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' Id. A complaint which pleads facts 'merely consistent with' a defendant's liability, [ ] 'stops short of the line

6

between possibility and plausibility of "entitlement of relief." ' " Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220-21 (3d Cir. 2011) cert. denied, 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a plaintiff must plead to state a claim.' Iqbal, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' Id. at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' Id." Santiago v. Warminster Tp., 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions. Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

Applying these legal benchmarks, for the reasons set forth below, we conclude that this complaint is fatally flawed and should, therefore, be dismissed.

>   **B.** **This Case Should Be Dismissed in Favor of Glunk's First Filed Case, Glunk v. State Board of Medicine, et al., 1:14-CV-659**

In this case, the plaintiff's efforts to simply repeatedly re-file the same allegations in the guise of separate lawsuits violates a basic policy of judicial administration, the "first-filed" rule.

> Nearly fifty years ago, this Court adopted what has become known as the "first-filed" rule. We concluded that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it." Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir.1941) (quoting Smith v. McIver, 22 U.S. (9 Wheat.) 532, 6 L.Ed. 152 (1824)), cert. denied, 315 U.S. 813, 62 S.Ct. 798, 86 L.Ed. 1211 (1942). Since then, this policy of comity has served to counsel trial judges to exercise their discretion by enjoining the subsequent prosecution of "similar cases ... in different federal district courts." See generally Compagnie Des Bauxites De Guinea v. Insurance Co. of North America, 651 F.2d 877, 887 n. 10 (3d Cir.1981), cert. denied, 457 U.S. 1105, 102 S.Ct. 2902, 73 L.Ed. 1312 (1982); see also Berkshire Intern. Corp. v. Marquez, 69 F.R.D. 583, 586 (E.D.Pa.1976) ("it has long been the policy of our Circuit Court that absent unusual circumstances" the first-filed rule applies in cases of concurrent federal jurisdiction); accord

West Gulf Maritime Ass'n v. ILA Deep Sea Local 24, 751 F.2d 721, 728 (5th Cir.1985) ("federal courts have long recognized that ... comity requires federal district courts ... to exercise care to avoid interference with each other's affairs.").

E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir. 1988) aff'd, 493 U.S. 182, 110 S. Ct. 577, 107 L. Ed. 2d 571 (1990).

"The first-filed rule requires, absent extraordinary circumstances, that cases sharing substantially similar subject matter and subject to concurrent federal jurisdiction be decided by the court where the litigation was first filed. E.E.O.C. v. Univ. of Pennsylvania, 850 F.2d 969, 971 (3d Cir.1988), aff'd on other grounds, 493 U.S. 182, 110 S.Ct. 577, 107 L.Ed.2d 571 (1990); Villari Brandes & Kline, P.C. v. Plainfield Specialty, No. 09–2552, 2009 WL 1845236, at *6 (E.D.Pa. June 26, 2009) (Bartle, J.); Koresko v. Nationwide Life Ins. Co., 403 F.Supp.2d 394, 399 (E.D.Pa.2005) (Robreno, J.). The rationale for the rule is the desire for sound judicial administration and comity among federal courts of equal stature. EEOC, 850 F.2d at 971." Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 455 (E.D. Pa. 2013). Given the rationale behind this rule, "the rule's application is not cabined to proceedings involving identical parties and identical issues, but extends to cases where there is a substantial overlap of the subject matter. Villari, 2009 WL 1845236, at *6. Thus, the critical substantive inquiry of the first-filed rule analysis is subject matter." Synthes, Inc. v. Knapp, 978 F. Supp. 2d 450, 457 (E.D. Pa. 2013).

Examining these two *pro se* complaints, and comparing them with our substantive inquiry focused on whether the subject matter of these cases is identical, we have little difficulty concluding that these cases appear to involve the same subject matter. The cases arise out of the same nucleus of operative fact, and entail nearly identical legal claims advanced in virtually identical terms. Accordingly, under the first-filed rule, this subsequent case should be dismissed and the plaintiff should be instructed to litigate his claims in his first-filed lawsuit, rather than engaging in some serial form of litigation of the same claims in multiple lawsuits.[1]

### III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the defendants' motions to dismiss (Doc. 24 and 25.) be GRANTED, and these claims should be litigated in the first filed lawsuit brought by Glunk, Glunk v. State Board of Medicine, et al., 1:14-CV-659.

The parties are further placed on notice that pursuant to Local Rule 72.3:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in

---

[1] Because we recommend dismissal of this case under the "first filed" rule, we do not address the other grounds for dismissal urged by the defendants in their motions to dismiss. Instead, we believe that this substantive merits analysis should be undertaken in the first filed case, Glunk v. State Board of Medicine, et al., 1:14-CV-659, where there are currently pending motions to dismiss.

28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 27th day of July 2016.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge