IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD P. GLUNK, | : | |
|     Plaintiff | : | No. 1:16-cv-01147 |
| | : | |
| v. | : | (Judge Kane) |
| | : | (Magistrate Judge Carlson) |
| R. BARRETT NOONE, et al., | : | |
|     Defendants | : | |

## MEMORANDUM

Before the Court is the July 27, 2016 Report and Recommendation of Magistrate Judge Carlson (Doc. No. 63), together with pro se Plaintiff Richard Glunk's objections thereto (Doc. No. 66),[1] and Plaintiff's appeal of Magistrate Judge Carlson's order staying the above-captioned case pending resolution of Defendants' motions to dismiss (Doc. No. 64). Having reviewed these submissions and the applicable law, for the reasons provided herein, the Court will adopt the substantive holding of the Report and Recommendation, but for reasons different than those offered by Magistrate Judge Carlson, dismiss Plaintiff's amended complaint with prejudice, and deny Plaintiff's appeal.

I.    BACKGROUND

On October 9, 2015, physician-Plaintiff Richard Glunk initiated this 42 U.S.C. § 1983 action by filing a complaint in the United States District Court for the Eastern District of Pennsylvania, alleging violations of his right to due process in connection with protracted disciplinary proceedings held before the Pennsylvania State Board of Medicine on bribery

---

[1] According to Middle District of Pennsylvania Local Rule 72.3, a "party may object to a magistrate judge's proposed . . . recommendations . . . within fourteen (14) days after being served a copy thereof." M.D. Pa. L.R. 72.3. Although Plaintiff's submission is entitled "Appeal of Magistrate Judge Carlson's Report and Recommendation," the Court liberally construes the filing as an objection to Magistrate Judge Carlson's Report and Recommendation, as Plaintiff submitted this filing within the 14-day timeframe provided for by Local Rule 72.3.

1

charges stemming from a prior disciplinary investigation and adjudication on professional negligence charges, which culminated in the suspension of Plaintiff's medical license. Plaintiff subsequently filed an amended complaint, which Defendants moved to dismiss. (Doc. Nos. 15, 24, 25.) Specifically, on February 11, 2016, Defendants R. Barrett Noone, M.D., Scott M. Goldman, M.D., Marie VanBuskirk, and Main Line Health, Inc. ("the Mainline Health Defendants"), filed a motion to dismiss Plaintiff's amended complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of subject matter jurisdiction pursuant to Rule 12(b)(2). (Doc. No. 15.) On March 25, 2016, Defendants Andrew Demarest, David Grubb, Kerry Maloney, and Joyce McKeever ("the Commonwealth Defendants"), as well as Department of State Defendants Steven Dade, Tammy Dougherty, Sabina Howell, Peter Marks, Basil Merenda, and Mark Vessella ("the DOS Defendants"), filed motions to dismiss the amended complaint, arguing in part that the amended complaint should be dismissed pursuant to the first-filed rule, or alternatively, the doctrine of claim preclusion. (Doc. Nos. 24-2 at 15, 17; 25-2.)

By memorandum and order dated May 16, 2016, Judge Savage granted the Mainline Health Defendants' motion to dismiss and terminated those Defendants from the action. Additionally, Judge Savage ordered the transfer of this action to the United States District Court for the Middle District of Pennsylvania pursuant to the "first-filed" rule. (Doc. No. 43.) According to Judge Savage, the first-filed rule warranted transfer of the instant action to the Middle District of Pennsylvania where Plaintiff's first-filed action, <u>Glunk v. Pennsylvania State Board of Medicine, et al.</u>, 1:14-cv-00659 (M.D. Pa. 2014), was pending, as a comparison of the two lawsuits revealed substantial overlap in subject matter, legal claims, and parties.

On July 27, 2016, following the transfer of this action to the Middle District, Magistrate Judge Carlson issued a Report and Recommendation, wherein he recommended that the Court grant the Commonwealth Defendants and DOS Defendants' motions to dismiss filed in the Eastern District of Pennsylvania on March 25, 2016.[2] (Doc. No. 63.) Specifically, relying on arguments presented by Defendants regarding the first-filed rule, Magistrate Judge Carlson recommended that the above-captioned action "be dismissed and the Plaintiff . . . be instructed to litigate his claims in his first-filed lawsuit, rather than engag[e] in some serial form of litigation of the same claims in multiple lawsuits." (Doc. No. 63.) In making this recommendation, Magistrate Judge Carlson declined to address the alternative grounds for dismissal advanced by Defendants in their respective motions to dismiss, noting instead that any "substantive merits analysis should be undertaken in the first[-]filed case . . . where there are currently pending motions to dismiss." (Doc. No. 63 n.1.)

On August 15, 2016, Plaintiff submitted objections to Magistrate Judge Carlson's Report and Recommendation. (Doc. No. 66.) In his filing, Plaintiff argues that he should be permitted to maintain this action against Defendants because he has sufficiently pled a conspiracy claim predicated on the recent discovery of two "confidential, peer-review protected documents" purportedly withheld from him at the time he commenced his first action. (Doc. No. 66 at 1.)

The Report and Recommendation and the objections thereto are ripe for review.

II.     **DISCUSSION**

    A.     **Review of Magistrate Judge Carlson's Report and Recommendation**

---

[2] Contemporaneously with the issuance of his Report and Recommendation, Magistrate Judge Carlson entered an order granting Defendants' motion to stay discovery pending resolution of their two motions to dismiss. (Doc. No. 62.)

Pursuant to the Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), any party may file written objections to a magistrate judge's proposed findings and recommendations. Where timely and specific objections are filed, the reviewing court must conduct a de novo review of those contested portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1). In making its de novo review, the district court may accept, reject, or modify, in whole or in part, the factual findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); see Owens v. Beard, 829 F. Supp. 736, 738 (M.D. Pa. 1993). Uncontested portions of the report are reviewed for clear error or manifest injustice. See, e.g., Cruz v. Chater, 990 F. Supp. 375, 376–77 (M.D. Pa. 1998). Guided by this standard of review, the Court turns to Magistrate Judge Carlson's Report and Recommendation.

In his Report and Recommendation, Magistrate Judge Carlson recommends that the Court dismiss Plaintiff's amended complaint with prejudice as duplicative of Plaintiff's first-filed action, Glunk v. Pennsylvania State Board of Medicine, et al., 1:14-cv-00659 (M.D. Pa. 2014). According to Magistrate Judge Carlson, Plaintiff has "re-file[d] the same allegations in the guise of [a] separate lawsuit[ , which] violates a basic policy of judicial administration, the 'first-filed' rule." (Doc. No. 63 at 8.) While the Court will adopt Magistrate Judge Carlson's recommendation to dismiss Plaintiff's amended complaint with prejudice, the Court finds the doctrine of res judicata to be a more appropriate basis for the dismissal than the first-filed rule.[3]

---

[3] The first-filed rule is a "comity-based" judicial construct that promotes judicial administration between coordinate federal courts by endeavoring to cabin duplicative litigation. Chavez v. Dole Food Co., 836 F.3d 205, 210 (3d Cir. 2016). "[T]he rule's primary purpose is to avoid burdening the federal judiciary and to prevent the judicial embarrassment of conflicting judgments." E.E.O.C. v. Univ. of Pa., 850 F.2d 969, 977 (3d Cir. 1988), aff'd, 493 U.S. 182 (1990) (citation omitted). In cases of concurrent jurisdiction, the rule counsels deference to the judicial district with jurisdiction over an original suit. Crosley Corp. v. Hazeltine Corp., 122 F.2d 925, 929 (3d Cir. 1941) ("In all cases of concurrent jurisdiction, the court which first has

The doctrine of res judicata provides that "a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privities, and as to them constitutes an absolute bar to a subsequent litigation involving the same cause of action."[4] In re Weisbrod & Hess Corp., 129 F.2d 114, 116 (3d Cir. 1942) (citations omitted). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006). The federal res judicata doctrine requires the presence of three conditions: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or

---

possession of the subject must decide it."). The Third Circuit Court of Appeals recently outlined the contours of the first-filed rule's applicability, reiterating that the doctrine is appropriate when "duplicative lawsuits are filed successively in two different federal courts." Chavez, 836 F.3d at 210 (emphasis added). Crucially, this principle of judicial administration applies where coordinate district courts have concurrent jurisdiction over a substantially similar matter. See id. Moreover, the Third Circuit has cautioned against dismissing a second-filed suit in favor of litigating the first-filed suit, holding that "a court exercising its discretion under the first-filed rule should stay or transfer a second-filed suit. Even a dismissal without prejudice may create unanticipated problems. A dismissal with prejudice will almost always be an abuse of discretion." Chavez, 836 F.3d at 220-21.

  In the matter sub judice, the Court retained jurisdiction following Judge Savage's appropriate exercise of his discretionary authority under the first-filed rule to transfer the instant action to the Middle District of Pennsylvania from the Eastern District of Pennsylvania. (See Doc. No. 43 at 2 ("Because [Plaintiff's] claims against the remaining defendants are substantially similar to claims he has asserted against them in a prior action currently pending in the . . . Middle District of Pennsylvania, we shall transfer this action to that district under the first-filed rule.")). In light of the procedural posture of this case, the Third Circuit's recent articulation of the first-filed rule, and the lack of binding authority upholding a federal district court's employment of the rule to dispense with parallel actions pending before it, the Court finds the doctrine of res judicata to be a more appropriate basis upon which to dismiss Plaintiff's amended complaint. See Premier Payments Online, Inc. v. Payment Sys. Worldwide, 848 F. Supp. 2d 513, 523 (E.D. Pa. 2012) ("[Plaintiff] has not cited, nor is this Court aware of, any case in which a federal court within the Third Circuit has applied the first-filed rule when two actions were pending before the same court.").

[4] The Court may dismiss an action sua sponte on res judicata grounds when it is "on notice that it has previously decided the issue presented." Arizona v. California, 530 U.S. 392, 412 (2000).

their privies and (3) a subsequent suit based on the same cause of action." Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991). Judged against the foregoing standard, it is clear that Plaintiff is barred from asserting his remaining claims in this action.

First, Plaintiff's previous suit was subject to a final adjudication on the merits. Indeed, this Court, at the recommendation of Magistrate Judge Carlson, dismissed Plaintiff's second amended complaint in Glunk v. Pennsylvania State Board of Medicine with prejudice, determining, inter alia, that Plaintiff's amended complaint failed to state a procedural due process claim and violated both Rule 8 of the Federal Rules of Civil Procedure and the law of the case doctrine. Glunk v. Pennsylvania State Board of Medicine, 1:14-cv-00659 (M.D. Pa. Sept. 29, 2016) (Doc. Nos. 100, 102).[5] Thus, the first Lubrizol criterion has been satisfied in this case.

Second, there is complete identity of the parties. Indeed, the remaining DOS and Commonwealth Defendants named in the above-captioned matter are identical to the Defendants named in the previous suit. Thus, the second Lubrizol requirement has been met.

Third, both suits assert the same causes of action. Regarding the third criterion, the analysis is grounded on whether "the acts complained of were the same, whether the material facts alleged in each suit were the same, and whether the witnesses and documentation required to prove such allegations were the same." Lubrizol, 929 F.2d at 963 (quoting United States v.

---

[5] By way of providing brief procedural background, in the Report and Recommendation, Magistrate Judge Carlson noted that a substantive merits analysis of the claims raised in this instant action would be more appropriately suited for Plaintiff's first-filed case, Glunk v. Pennsylvania State Board of Medicine, et al., where Defendants were awaiting the Court's disposition of a number of motions to dismiss. (Doc. No. 63 at 10 n.1.) While this Report and Recommendation was pending, Magistrate Judge Carlson issued a Report and Recommendation in Plaintiff's first-filed case, Glunk v. Pennsylvania State Board of Medicine, et al., in which he recommended dismissal with prejudice of Plaintiff's second amended complaint. On September 30, 2016, the Court adopted Magistrate Judge Carlson's Report and Recommendation, dismissed Plaintiff's second amended complaint with prejudice, and closed the case. See Glunk v. Pa. State Board of Medicine, et al., 1:14-cv-00659, (M.D. Pa. Sept. 30, 2016), (Doc. No. 102).

Athlone Indus., Inc., 746 F.2d 977, 984 (3d Cir. 1984)). Here, Plaintiff has brought a due process claim and conspiracy claim against Defendants predicated on allegations that Defendants acted in concert to deprive Plaintiff his right to due process during disciplinary proceedings on bribery charges levied against Plaintiff by concealing the release of confidential peer review documents and certain ex parte communications that were purportedly relied on by the hearing examiner in making a determination of guilt. Plaintiff raised these exact claims in his second amended complaint filed in Glunk v. Pennsylvania State Board of Medicine, et al., which was properly dismissed by this Court on September 30, 2016. Therefore, the third Lubrizol prong has been satisfied.

Accordingly, the application of res judicata bars Plaintiff's claims brought in this subsequent suit, thereby warranting dismissal of this action with prejudice.[6]

### B. Plaintiff's appeal of Magistrate Judge Carlson's order staying discovery

Plaintiff has also filed an appeal of a non-dispositive order from Magistrate Judge Carlson. In this non-dispositive order, Magistrate Judge Carlson granted Defendants' motion for a stay of discovery pending adjudication of the aforementioned motions to dismiss. In his appeal of this order, Plaintiff argues that the order "severely prejudices" Plaintiff, as discovery is necessary for proper resolution of his claims. (Doc. No. 64.)

Pursuant to 28 U.S.C. § 636, a district court will upset a pre-trial ruling on a non-dispositive order by a magistrate judge only when the ruling "is clearly erroneous or contrary to

---

[6] Notably, the Third Circuit considered the unique interplay between the first-filed rule and res judicata, remarking that its "own abstention jurisprudence has long directed district courts to stay, rather than dismiss, potentially duplicative federal suits," as "a second-filed court will rarely need to reach the merits of a stayed case" due to the application of res judicata. Chavez, 836 F.3d at 221.

law." 28 U.S.C. § 636(b)(1)(A). Consequently, the Court will not upset Magistrate Judge Carlson's order granting a stay of discovery absent clear error or an abuse of discretion. See Harrisburg Auth. v. CIT Capital USA, Inc., 716 F. Supp. 2d 380, 386 (M.D. Pa. June 14, 2010); M.D. Pa. L.R. 72.2. It is well established that "matters of docket control and conduct of discovery are committed to the sound discretion of the district court." In re Fine Paper Antitrust Litig., 685 F.2d 810, 817 (3d Cir. 1982). Indeed, decisions regarding the timing of discovery will be disturbed only upon an abuse of discretion. Id. As a corollary to this principle, it is likewise beyond cavil that a stay of discovery pending consideration of a potentially dispositive pre-trial motion under Rule 12(b)(6) is appropriate, as granting the motion would obviate the need for discovery. Mann v. Brenner, 375 F. App'x 232, 239 (3d Cir. 2010) (citing Neitzke v. Williams, 490 U.S. 319, 326-27 (1989)).

The Court finds no error in Magistrate Judge Carlson's pre-trial docket management order. The order was thoroughly considered and accompanied by written reasons. On appeal, Plaintiff has raised no authority to suggest that Magistrate Judge Carlson's order was contrary to law. Accordingly, the Court will deny Plaintiff's appeal.

**III. CONCLUSION**

Based upon the foregoing, the Court will adopt the substantive holding of Magistrate Judge Carlson's Report and Recommendation, grant Defendants' motions to dismiss, dismiss Plaintiff's amended complaint with prejudice, and deny Plaintiff's appeal. An Order consistent with this Memorandum follows.